UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SGT. ANDREW N. MATTHEWS, :
    Plaintiff, :
:
v. : 3:07-cv-739 (WWE)
:
RICHARD BLUMENTHAL, COL. EDWARD :
LYNCH, MAJ. CHRISTOPHER ARCIERO, :
LT. WILLIAM PODGORSKI, COL. THOMAS :
DAVOREN, COMMISSIONER JOHN :
DANNAHER III, :
    Defendants. :

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS**

    This action arises from the claims of plaintiff Andrew Matthews that defendants violated his rights under the First Amendment to the United States Constitution in retaliating against him for whistle blowing and exercising his free speech rights regarding certain conduct within the Connecticut State Police, specifically the Internal Affairs office. Plaintiff seeks compensatory and punitive damages as well as damages and fees pursuant to 42 U.S.C. § 1983.

    Now pending before the Court are defendants' various motions to dismiss (Docs. #24, 34, 47, 50).[1]

## BACKGROUND

    For purposes of ruling on these motions to dismiss, the Court accepts all allegations of the Amended Complaint as true. For the sake of brevity, the Court only recites those facts relevant to the pending motions.

---

[1] The motions to dismiss docketed at numbers 34 and 47 are duplicative of each other.

1

Plaintiff Andrew N. Matthews is a Sergeant in the Connecticut State Police. At the time of the events of this case, he was an Internal Affairs officer where he investigated complaints of misconduct by members of the Connecticut State Police.

Defendant Richard Blumenthal is the Attorney General of the State of Connecticut. Defendants Col. Edward Lynch, Major Christopher Arciero, Lt. William Podgorski and Col. Thomas Davoren were, at all time relevant to this action, members of the Connecticut State Police. Defendant Commissioner John Dannaher III was, at all times relevant to this action, the Commissioner of the Connecticut Department of Public Safety.[2]

Between July 2004 and July 2005, plaintiff, in his role as an Internal Affairs officer, uncovered a pattern and practice within the Connecticut State Police of covering up the misconduct of fellow officers, including the commission of crimes, misuse of state funds, family violence and other actions which would present the police in a poor light. Plaintiff then disclosed to the New York State Police and the Attorney General's Office information regarding favoritism within the Connecticut State Police whereby complaints against certain officers were quashed if those officers were the favorites of more senior officers. Plaintiff subsequently offered sworn testimony to members of the New York State Police who had been asked to investigate plaintiff's claims of misconduct.

In June 2005, plaintiff sought the assistance and protection of the Attorney General's Office as a whistle blower. Such designation was granted in August 2005.

---

[2] Defendant Dannaher has not joined in any of the motions to dismiss currently under consideration.

As a result of his whistle blowing, defendants Lynch, Podgorski and Arciero isolated plaintiff from contact with other officers, transferring him to an office in headquarters where his activities could be more easily monitored. Shortly after his transfer, plaintiff found a note at his desk bearing the word "Cancer." Despite expressing concern for his physical safety to Lynch, Podgorski and Arciero, plaintiff was required to work at headquarters.

In late 2006, a report by the New York State Police was published, indicating that the Connecticut State Police had a pattern and practice of tolerating unethical and unlawful conduct. In June 2006, plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging that he had been retaliated against in his employment. A hearing was scheduled for May 21, 2007. Also in June 2006, plaintiff sought relief from the Attorney General's Office. That Office prepared a draft recommendation for Attorney General Blumenthal in early April 2007.

Plaintiff alleges that Blumenthal intentionally refused to sign off on the recommendation or otherwise make a public finding prior to the May 21 CHRO hearing, after having delayed the publication of the New York State Police report until after the general election in November 2006 so as to minimize any impact on the general election. Therefore, plaintiff's counsel informed Blumenthal's office at approximately 1:00 p.m. on May 9, 2007 that plaintiff intended to withdraw the CHRO and to bring suit naming Blumenthal as a defendant for failing to release the report. At approximately 2:00 p.m., a staff member in Blumenthal's office informed the Hartford Courant that a report favorable to plaintiff would be released on May 9, 2007. Such report, finding that plaintiff was a victim of harassment and intimidation, was emailed to plaintiff's counsel

at approximately 2:30 p.m. Plaintiff asserts that Blumenthal's delay in publishing the report resulted in plaintiff having to experience prolonged isolation, ostracism and harassment with the Connecticut State Police.

Plaintiff brought this action alleging that defendant Blumenthal's conduct exposed plaintiff to further chilling of his First Amendment rights and further retaliation for previously having exercised those rights. Additionally, plaintiff asserts that defendants Lynch, Arciero, Podgorski and Davoren retaliated against plaintiff for his speech.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

4

**I.      Defendants Lynch, Arciero, Podgorski and Davoren**

Defendants Lynch, Arciero, Podgorski and Davoren have filed two different motions to dismiss. The first was filed in this Court in case no. 3:07-cv-1553 (VLB), which case was subsequently transferred and consolidated with the above-captioned case. It seeks dismissal on the grounds that case no. 07-1553 is duplicative of the instant case. Because the two cases have been consolidated and the other case has been terminated, defendants' motion to dismiss on grounds of duplicity will be denied as moot.

These defendants also seek dismissal on the grounds that plaintiff failed to post security as required by the Court's order dated October 25, 2007 (Doc. #27). Plaintiff has posted such security. Therefore, dismissal will be denied on these grounds as well.

**II.     Defendant Blumenthal**

Plaintiff alleges that Blumenthal's delay in releasing the Attorney General's report resulted in plaintiff being further exposed to a continuously hostile environment, which led plaintiff to suffer psychological and emotional distress. Defendant Blumenthal moves for dismissal on the grounds that (1) plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 based on the timing of the release of the Attorney General's report; (2) plaintiff cannot allege that the Attorney General himself was personally involved in such a violation as to meet the requirements of section 1983; and (3) Blumenthal is entitled to qualified immunity as a matter of law.

Section 4-61dd(a) of the Connecticut General Statutes provides that any person with knowledge of various corrupt, unethical or criminal activities within government

agencies may inform such matters to the Auditors of Public Accounts ("APA"). The APA, in turn, shall review such information and report their findings to the Attorney General's office. If "the Attorney General deems proper," he shall investigate the allegations and release a report "where necessary." Conn. Gen. Stat. § 4-61dd(a). The law provides for no time restrictions during this process. Further, it specifies that the Attorney General need only release a report "where necessary," not in all instances.

Plaintiff alleges that his rights were violated by Blumenthal's failure to publish his report in a timely manner. Plaintiff, however, points to no law or case that governs the time required for such publication. Because the law puts no duty on the Attorney General to publish any such report within any time period, he cannot be held liable under section 1983 for contributing to continued retaliation. See Musso v. Hourigan, 836 F.2d 736, 743 (2d Cir. 1988) ("[A] government official is not liable for failing to prevent another from violating a person's constitutional rights, unless the official is charged with an affirmative duty to act.").

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant Blumenthal's motion to dismiss (Doc. #24) and DENIES the motions to dismiss of defendants Lynch, Arciero, Podgorski and Davoren (Docs. #34, 47, 50). Plaintiff is instructed to amend his Amended Complaint consistent with this ruling within ten days.

Dated at Bridgeport, Connecticut, this 12th day of June, 2008.

                                       /s/
                                    Warren W. Eginton
                                    Senior United States District Judge