```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

ANDREW MATTHEWS                  :
                                 :
v.                               :   CIV. NO. 3:07CV739 (WWE)
                                 :
                                 :
BLUMENTHAL, et al.               :
                                 :
```

RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pending is Defendants' Motion for Protective Order [Doc. #95]. Plaintiff did not file an objection. The Court heard oral argument on December 10, 2009 and, after careful consideration, **GRANTS** defendants' motion.

Introduction

Pursuant to Fed. R. Civ. P. 26(c)(1)(A), defendants John Danaher, Edward Lynch, Thomas Davoren, William Podgorski and Christopher Arciero seek a protective order forbidding the discovery sought by plaintiff in his Request for Production dated October 9, 2009. Plaintiff's request was served on October 9, 2009, more than five months after the April 29, 2009 de facto deadline for the commencement of additional discovery, and less than 30 days prior to the deadline for the completion of those specific discovery tasks for which the parties sought and were granted an extension.

Discovery Timeline

Discovery was originally to be completed by November 8, 2007. Due to the amendment of pleadings, discovery was later

1

scheduled to be completed by August 15, 2008.  Defendants then moved for a stay of discovery until after a ruling on a motion to dismiss; the stay entered on February 15, 2008.  On June 12, the Court granted Defendant Richard Blumenthal's Motion to Dismiss, and the discovery stay was lifted on or about July 12, 2008.  On August 28, 2008, the parties sought and received an extension of the discovery deadline to December 31, 2008; and subsequently an extension on June 30, 2009 to complete specific outstanding discovery.[1]

After the Court set the June 30, 2009 deadline, the parties filed another joint request seeking additional time to complete the specifically enumerated tasks, which the Court ordered completed by August 12, 2009.  On August 11, 2009, the parties filed another joint request seeking until October 30, 2009.  The Court granted this request and set October 30, 2009 to complete this specific discovery.[2]

---

[1] The June 30, 2009 extension sought additional time to permit:(1) Plaintiff and defendants to finish taking the deposition of fact witness Jeffrey Meyers; (2) Defendants to finish taking the deposition of plaintiff; (3) Defendants to take the depositions of fact witness Steven Salvatore, the Office of the Attorney General and the Office of the Auditor of Public Accounts; and (4) Plaintiff to comply with Defendants' outstanding written discovery requests and submit a damage analysis.

[2] This motion for extension of time sought to complete the same specific discovery as the previous two requests and expanded the request to encompass a supplemental brief requested by the Court.  However, since the filing of this last motion for extension of time, the parties have reached an agreement on those

This case is two years and seven months old and is still in the discovery phase. While the court is mindful that discovery was stayed for five months, the Court has been very liberal in granting extensions of time since the stay was lifted in July of 2008. Additionally, all of the motions for extensions of time have been made jointly. Thus, plaintiff has had every opportunity to include these document requests in any of the three motions for extension of time to complete limited discovery.

Sergeant Matthews is an attorney and is deeply involved in the preparation of his case. In fact, Sergeant Matthews made reference during his deposition to documents that would be requested. Since plaintiff's most recent deposition day was in July, the existence of the documents he now seeks was known for at least three months before this request was served. Additionally, this case was litigated at the Connecticut Commission on Human Rights and Opportunities prior to the filing of this action and plaintiff presumably engaged in discovery at that stage.

Accordingly, the Court finds that plaintiff has not shown good cause for further discovery or that his prosecution of his case will be hindered if the October 9, 2009 requests for production are denied. Defendant's Motion for Protective Order

---

remaining issues and chose not file a supplemental brief.

[Doc. #95] is **GRANTED**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 18th day of December 2009.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE